[No. 25675. Department One. July 11, 1935.]

JAMES McCONAGHY, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

*William H. Pemberton* and *Lyle K. Summers,* for appellant.

*A. W. Buddress,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to quiet title to certain real estate situated in King county. The state was made a party defendant. The cause proceeded to trial, findings of fact and con-

[1]Reported in 47 P. (2d) 828.

clusions of law were made, and on April 15, 1935, a final decree was entered which adjudged the plaintiff to be the owner in fee simple of the property involved and

". . . that the defendant, the State of Washington, has no right, title or interest in or to, nor any lien for any State Inheritance Taxes nor otherwise on any of said before described premises, and that the State of Washington from and after the 22d day of August, 1934, did not have any right, title or interest in or to, nor any lien on any of said premises for any Inheritance Taxes nor otherwise, and that plaintiff's title to all of the before described premises be and the same is hereby quieted as against the State of Washington; and it is by the Court further Ordered, Adjudged and Decreed that the plaintiff, James McConaghy, do have and recover of and from the defendant, the State of Washington, his costs and disbursements of this action to be taxed according to law. *Motion to strike cost bill denied.* (Interlineation italicized.)

"Done in open court this 15th day of April, 1935."

Costs in the amount of $23.80 were taxed against the state. The supervisor appealed, and in his brief filed in this court assigned as error only:

"(1) The court erred in assessing costs for the plaintiff against the State of Washington.

"(2) If costs are assessable, the court erred in assessing a $10.00 attorney fee, instead of a $5.00 attorney fee allowable by law, and erred in assessing $2.00."

The respondent has moved to dismiss the appeal because the question of costs only is brought to this court, relying upon the case of *Crooks v. Georgetown Transfer Co.*, 133 Wash. 182, 233 Pac. 1118, and the cases therein cited.

The appellant appears to contend that this case falls within the scope of chapter 180, Laws of 1935, p. 706

[Rem. 1935 Sup., § 8370-1 *et seq.*], and that therefore no costs were recoverable.

We can find nothing in the act of 1935 which makes it applicable to this case, and nothing is presented by this appeal which will warrant a consideration or construction of that act. Here, the complaint alleges, in effect, that the state was wrongfully claiming some interest in or lien upon the real estate involved and the state's answer was a complete disclaimer of any right, title or interest in or to the property. Hence, no possible question relating to any inheritance tax was at issue, and of course no such question was decided. That being so, this case cannot fall within the class of cases covered by the 1935 act.

As we see it, the case of *Crooks v. Georgetown Transfer Co., supra,* based upon a long line of similar cases, establishes the rule that no appeal will be entertained which raises questions as to costs only. We know of no reason why the state should not be bound by the rule to the same extent as are others, and as this court is also bound by the rule, the motion must be granted and the appeal dismissed.

Appeal dismissed.

MAIN, BEALS, STEINERT, and GERAGHTY, JJ., concur.